# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS V. RICH, | CASE NO.   1:09-cv-01615-MJS (PC) |
| Plaintiff, | COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

**SCREENING ORDER**

I.   **PROCEDURAL HISTORY**

Plaintiff Nicholas V. Rich ("Plaintiff") is an inmate in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison in Delano, California.  He is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on September 15, 2009 and consented to Magistrate Judge jurisdiction on September 28, 2009.  (ECF Nos. 1 & 4.)  No other parties have appeared.

1

Plaintiff's original Complaint is now before the Court for screening. For the reasons set forth below, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

////

////

### III. **SUMMARY OF COMPLAINT**

Plaintiff brings this action for violation of his rights under the Eighth and Fourteenth Amendments, and he appears to be arguing that Defendants impeded his access to the courts and improperly handled his inmate grievances. Plaintiff names the following individuals as Defendants: California Department of Corrections and Rehabilitation ("CDCR"); Kelly Harrington, Warden at Kern Valley State Prison ("KVSP"); and J. Vanderpoel, Facility Captain at Delano Community Correctional Facility.

Plaintiff alleges the following: On February 3, 2009, Plaintiff was charged with physically possessing alcohol. Defendant Vanderpoel erroneously classified the violation using an older version of the CDCR regulations. On April 1, 2009, Plaintiff filed a 602 appeal asserting the error. The appeal was screened out and returned. Plaintiff was instructed to forward this grievance to Delano Community Correctional Facility ("DCCF"). He sent it to the Appeals Coordinator, J. Navaro, at DCCF.

Plaintiff never received a response, so he sent another 602 form to both facilities, KVSP and DCCF. Then he sent a copy to the Chief Director of Inmate Appeals Branch with a short letter attached claiming that his appeal was being mishandled. Plaintiff states that this was forwarded to DCCF.

In his request for relief, Plaintiff seeks injunctive relief, punitive damages, and monetary compensation.

### IV. **ANALYSIS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to

3

> the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. Eighth Amendment Claim

Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. He appears to be claiming that the mishandling of his appeal has led him to be incarcerated longer than he should have been.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need," and "harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). "Deliberate indifference is a high legal standard." Toguchi

4

v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges that Defendants are subjecting him to cruel and unusual punishment because their mishandling of his appeal subjected him to prolonged incarceration.. However, he does not allege that any of the Defendants had knowledge that mishandling his appeal would expose him to such harm, that they were deliberately indifferent to that harm, or that it even caused that harm.

With the following reservation, the Court will grant Plaintiff leave to amend this claim and attempt to state true facts which cure its deficiencies.

As noted, Plaintiff here asserts that he is being detained by the CDCR "past [his] established release date." (ECF No. 1, Pl.'s Compl. p. 4.) Though not entirely clear from the Complaint, it appears he is seeking in this action to secure his release from prison. However, Plaintiff also states that he has filed a habeas petition, which is still pending, regarding this same disciplinary action. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 498-500 (1973); Young v. Kenny, 907 F.2d 874, 875-76 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). If it is indeed the case that Plaintiff seeks in this action to

5

secure his release from prison, this Complaint will be dismissed with prejudice and Plaintiffs can pursue his release in the habeas corpus action.

**B.     Denial of Access to Courts**

Plaintiff alleges that Defendants' mishandling of his 602 appeal has denied him access to the courts.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996).  However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). Forward-looking claims allege "that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." Christopher, 536 U.S. at 413.  In these cases that have yet to be litigated, "the justification for recognizing that [forward-looking] claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." Id.  As part of the requirement to plead an injury, a plaintiff must allege that "a nonfrivolous legal claim had been frustrated or was being impeded." Lewis, 518 U.S. at 353; see also Christopher, 536 U.S. at 415. Simply stating that a claim is "nonfrivolous" due to the action of a government official will not satisfy the actual injury requirement. Christopher, 536 U.S. at 415.   Rather, the nonfrivolous "underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Id. at 416.  The plaintiff must describe this "predicate claim . . . well enough to apply the 'nonfrivolous' test

6

and to show that the 'arguable' nature of the underlying claim is more than hope." Id. The complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Id. at 417-418; see Lewis, 518 U.S. at 353 n. 3 ("Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of something of value-arguable claims are settled, bought and sold. Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Rule 11 sanctions.").

Plaintiff has not set out what it was he intended to claim in that appeal which was mishandled. He has given the Court nothing to enable it to determine whether the claim was frivolous or not. The Court will allow him leave to amend to address these deficiencies.

### C. Inmate Appeals Process

Plaintiff appears to be alleging that Defendants failed to respond properly to his inmate appeals. Defendants' actions in responding (or failing to respond) to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process.

Interests protected by the Due Process Clause may arise from two sources—the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). There is no constitutional right to a prison administrative appeal or grievance system. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). However, California Code of Regulations, title 15 section 3084 *et seq*. grants state prisoners the right

7

to a prison appeals process.  The regulations are purely procedural—they require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards.  Instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d).  A provision that merely sets procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest.  Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see, e.g., Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).

Accordingly, a prison official's failure to process grievances, without more, is not actionable under § 1983.  See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Ramirez, 334 F.3d at 860 (prisoner's claimed loss of liberty interest in processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  Although there is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)  ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance.").

Thus, since he has neither a liberty interest, nor a substantive right to an inmate appeal, Plaintiff fails to state a claim in this regard.  Amendment of this claim would be futile.  Plaintiff should devote his energy to pursuing his other claims.

**D.** **Relief Request**

Plaintiff seeks "injunctive relief on the appeals process of C.D.C." (ECF No. 1, Pl.'s Compl. p. 3.) Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. §3626(a)(1)(A). Plaintiff's stated request for injunctive relief does not meet this criteria. The Court will give Plaintiff leave to amend his Complaint to attempt to seek relief consistent with the Act.

### E.  Personal Participation By Defendants

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In this action, Plaintiff has not alleged facts demonstrating that any of the named

9

Defendants personally acted to violate his rights. None of Plaintiff's allegations are specifically linked to any particular Defendant. In fact, Defendant Harrington is not mentioned in the statement of facts. Plaintiff states that he sent a copy of the 602 form to Defendant Vanderpoel, but does not attribute any allegedly wrongful conduct to him. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order as to Defendants Harrington and Vanderpoel. Plaintiff must be more specific as to how each violated his constitutional rights in his amended complaint.

### F. Eleventh Amendment Immunity

Plaintiff names the California Department of Corrections and Rehabilitation as a Defendant. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citations omitted); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the CDOC is a state agency, it is entitled to Eleventh Amendment immunity from suit. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Accordingly, Plaintiff cannot state any

claims against Defendant CDCR and all claims pertaining to Defendant CDCR are dismissed with prejudice.

## V. **CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any claims upon which relief may be granted under Section 1983 against the named Defendants. All claims against Defendant CDCR are dismissed with prejudice. Having notified Plaintiff of the deficiencies in his Complaint, the Court will provide Plaintiff with time to file an amended complaint to address these deficiencies. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

In his amended complaint, Plaintiff must demonstrate that the alleged incident resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants only relating to issues arising because of the alleged mishandling of his 602 appeal form filed because of the incident on February 3, 2009.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer

serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Based on the foregoing, it is HEREBY ORDERED that:

1. All claims against Defendant CDCR are dismissed with prejudice and CDCR is dismissed as a party to this action;

2. Plaintiff's request for injunctive relief is denied:

3. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:09-cv-1615-MJS (PC); and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   December 10, 2010          /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE