UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS V. RICH,<br><br>                    Plaintiff,<br><br>     v.<br><br>KELLY HARRINGTON, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:09-cv-1615-MJS (PC)<br><br>ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 14)<br><br>PLAINTIFF MUST SHOW CAUSE OR FILE AMENDED COMPLAINT BY FEBRUARY 18, 2011 |

Plaintiff Nicholas V. Rich is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the Magistrate Judge handling all matters in this action. (ECF No. 4.) On December 13, 2010, the Court dismissed Plaintiff's Complaint for failure to state a claim and granted Plaintiff leave to file an amended complaint within thirty days. (ECF No. 21.) Nothing further has been filed.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order,

1

or failure to comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

More than thirty days have passed and Plaintiff has not filed an amended complaint or otherwise responded to the Court's December 14, 2010 Order. The Court cannot allow this case to languish on its docket without an operative complaint. Accordingly, not later than **February 18, 2011**, Plaintiff shall either file an amended complaint or show cause as to why his case should not be dismissed for failure to comply with a Court order. Plaintiff is hereby on notice that failure to meet this deadline will result in the immediate dismissal of this action.

IT IS SO ORDERED.

Dated: January 28, 2011        /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE